**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YENCY ARELLANO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

        v.

GREEN APPLE 37 INC.
     d/b/a GREEN APPLE,
GREEN APPLE GOURMET INC.
     d/b/a GREEN APPLE, and
ERIC YUN KIM,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

        Plaintiff, YENCY ARELLANO (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, GREEN APPLE 37 INC. d/b/a GREEN APPLE, GREEN APPLE GOURMET INC. d/b/a GREEN APPLE ("Corporate Defendants") and ERIC YUN KIM ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages and overtime, including those due to time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages and overtime, including those due to time shaving, (2) spread-of-hours premium, (3) statutory penalties, (4) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff YENCY ARELLANO, is a resident of Hudson County, New Jersey.

6. Corporate Defendant, GREEN APPLE 37 INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business at Green Apple 37 Inc., 20 West 37th Street, Ground Floor, New York, NY 10018.

7. Corporate Defendant, GREEN APPLE GOURMET INC., is a domestic business corporation organized under the laws of the State of New York with an address for service of

process and principal place of business at Green Apple Gourmet Inc., 1625 Broadway, Ground Floor, New York, NY 10019.

8. Individual Defendant, ERIC YUN KIM, is the Chief Executive Officer and owner of Corporate Defendants. ERIC YUN KIM exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. ERIC YUN KIM had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to ERIC YUN KIM regarding any of the terms of their employment, and ERIC YUN KIM would have the authority to effect any changes to the quality and terms of their employment. ERIC YUN KIM ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. ERIC YUN KIM had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

9. At all relevant times, Corporate Defendants, GREEN APPLE 37 INC. and GREEN APPLE GOURMET INC., each was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

10. Defendants operate or operated two (2) deli shops under the trade name "Green Apple" in New York at the following locations:

   a. "Green Apple" - 20 West 37th Street, Ground Floor, New York, NY 10018; and

   b. "Green Apple" - 1625 Broadway, Ground Floor, New York, NY 10019.
   (collectively the "Deli Shops").

11. Corporate Defendants, GREEN APPLE 37 INC. and GREEN APPLE GOURMET INC., operate or operated the Deli Shops as a single integrated enterprise, under the control of their owner, Individual Defendant ERIC YUN KIM. Individual Defendant, ERIC YUN KIM, owns and operates each Corporate Defendant. Specifically, Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

   a. All the Deli Shops have been owned and operated as a family business for over five (5) years by Individual Defendant, ERIC YUN KIM.

   b. All the Deli Shops use a central marketing department.

   c. All the Deli Shops receive legal advice from the General Counsel of Green Apple's corporate headquarters, who oversees legal compliance for all the Restaurants.

   d. All paychecks of Deli Shops' employees are issued through the payroll department of Green Apple's corporate headquarters.

   e. Prior to opening, all new Deli Shops must be approved by Individual Defendant, ERIC YUN KIM.

   f. All the Deli Shops share the same brand name with the same logo. *See* Exhibit A for the Deli Shops' brand name and logo.

   g. All the Deli Shops' menus are similar.

   h. All the Deli Shops share a common look and feel that have been inspired to offer fresh, fast option for healthy eating on the go.

   i. The Deli Shops regularly share and exchange non-exempt employees, who are interchangeable among the Deli Shops. Defendants require employees to work

at the other Green Apple location different from their primary place of employment whenever one (1) location is short-staffed. Defendants, on occasion, transfer employees between different locations based on their own business needs.

j. Employees were regularly required to transport items from and to the Deli Shops, in accordance with the directives of central management, including the Individual Defendant, ERIC YUN KIM.

12. Although Plaintiff did not work at all of Defendants' Deli Shops, **all** of the Deli Shops are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Deli Shops share identical illegal wage and hour policies, the Deli Shops and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l 6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to servers, food preparers, cooks, delivery persons, and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages and overtime for all hours worked, including those due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, cooks, and dishwashers), employed by Defendants at the Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants'

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the proper wages, (ii) failing to pay overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to pay spread-of-hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

22. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously

represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e) Whether Defendants properly compensated Plaintiff and Class members the proper minimum wage under the NYLL;

    f) Whether Defendants properly compensated Plaintiff and Class members the proper overtime compensation under the NYLL;

    g) Whether Defendants properly compensated Plaintiff and Class members the spread-of-hours premium under the NYLL;

h) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

i) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated Plaintiff's wage and overtime compensation in accordance with the NYLL.

## STATEMENT OF FACTS

27. In or around June 2016, Plaintiff YENCY ARELLANO was hired by Defendants to work as a deliman for Defendants' Green Apple, located at 20 West 37th Street, Ground Floor, New York, NY 10018. Plaintiff's employment was terminated in or around May 2019 by Individual Defendant, ERIC YUN KIM.

28. From the start of his employment to in or around June 2017, Plaintiff ARELLANO was scheduled to work Mondays to Fridays, from 6:00 p.m. to 4:00 p.m., for a total of fifty (50) hours per week.

29. From in or around March 2019 to the date of his termination, Plaintiff ARELLANO was scheduled to work Mondays to Fridays, from 6:00 p.m. to 4:00 p.m., for a total of fifty (50) hours per week.

30. From the start of his employment to in or around June 2017, Plaintiff ARELLANO was paid a fixed salary of eight hundred ($800) dollars per week. During this period, Plaintiff was paid in cash, the determination of which was under complete control by the Defendants.

31. As a result of the fixed salary and cash payment schemes, Defendants failed to compensate Plaintiff ARELLANO for his ten (10) hours of overtime work in excess of forty (40)

hours per workweek, for which Plaintiff was entitled to receive overtime premium at the rate of one and one half times the regular rate. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis in cash, which was under complete control by Defendants.

32. During the same period, Plaintiff ARELLANO was paid a fixed weekly salary, regardless of how many hours he worked each workweek. However, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that he worked. FLSA Collective Plaintiffs and Class members were similarly paid on an fixed salary basis and were not compensated their overtime premium of time and a half for all hours worked over forty (40), even though there was never any agreement that their fixed salaries would cover overtime.

33. From in or around March 2019 to the date of his termination, Plaintiff ARELLANO was paid an hourly wage of fifteen ($15) dollars per hour. During this period, Plaintiff was not paid for all of her hours worked because one (1) hour was automatically deducted per workday from Plaintiff. However, despite Plaintiff being clocked out for her meal break, Plaintiff was required to work throughout her break. This resulted in unpaid wages due to Defendants' time shaving policy. FLSA Collective Plaintiffs and Class members worked similar hours and were similarly not permitted a free and clear meal break.

34. Throughout his employment, Plaintiff ARELLANO worked in excess of ten (10) hours every workday, but he was not compensated his spread of hours premium. Plaintiff's wage statements provided by Defendants clearly indicate that Plaintiff worked over ten (10) hours per workday but was not compensated his spread of hours premium. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) per day and were not compensated their spread of hours premium.

11

35. Specifically, Plaintiff ARELLANO regularly worked ten (10) or more hours for five (5) days per workweek, but he was not compensated his spread-of-hours premium. Throughout his employment, Plaintiff worked from 6 a.m. to 4 p.m. every workday. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) hours per workday. Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for any workday that exceeded ten (10) hours in length.

36. For the last two (2) weeks of his employment, Plaintiff ARELLANO was not paid any compensation at all by Defendants. Specifically, Plaintiff worked a total of one hundred (100) hours during this period. For this period, Plaintiff is entitled to receive his regular hourly wage of fifteen ($15) dollars per working hour, his overtime premium of time and a half for all hours worked over forty (40) per week, and his spread-of-hours premium for all hours worked in excess of ten (10) hours per workday.

37. Defendants failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendants provided fraudulent wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar fraudulent wage statements due to Defendants' policy of time shaving.

38. Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper

.

overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

40. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff and Class members, in violation of the NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

43. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff YENCY ARELLANO realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

45. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

47. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

48. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

49. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed.

50. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

51. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiff YENCY ARELLANO realleges and reavers Paragraphs 1 through 55 of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

58. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

59. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to time shaving.

60. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

61. Plaintiff and Class members regularly worked days that exceeded ten (10) hours per workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread-of-hours premium to Plaintiff and Class members for each workday that exceeded ten (10) hours in length.

62. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because such tip credit

allowance was not clearly included in wage statements to tipped employees for each payment period.

63. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under the NYLL.

64. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages including overtime, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages and overtime, including those due to Defendants' policy of time-shaving under the FLSA and the NYLL;

d. An award of unpaid spread-of-hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage, overtime compensation and spread-of-hours premium pursuant to the NYLL;

h.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a Class Action pursuant to FRCP 23;

k.  Designation of Plaintiff as a Representative of Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 9, 2020

                Respectfully submitted,
                By:   /s/ C.K. Lee
                     C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*