```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
YENCY ARELLANO, on behalf of himself, FLSA                         :
Collective Plaintiffs and the Class,                               :
                                                                   :
                                Plaintiff,                         :        20-cv-5293 (LJL)
                                                                   :
                -v-                                                :        OPINION & ORDER
                                                                   :
GREEN APPLE 37 INC., d/b/a GREEN APPLE, GREEN                      :
APPLE GOURMET INC. d/b/a GREEN APPLE, and                          :
ERIC YUN KIM,                                                      :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiff Yency Arellano ("Arellano" or "Plaintiff") moves for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff alleges that Defendants Green Apple 37 Inc. ("Green Apple 37"), Green Apple Gourmet Inc. ("Green Apple Gourmet" and collectively with Green Apple 37, "Green Apple"), and Eric Yun Kim ("Kim") failed to pay him wages required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), and the New York Labor Law (the "NYLL"). Plaintiff additionally seeks liquidated damages under both FLSA and the NYLL, as well as spread-of-hours premium and statutory penalties under the NYLL. For the reasons discussed below, the Court orders the entry of default judgment and awards $48,220.00 in damages.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of this motion. Dkt. No. 1 ("Compl." or "Complaint"). In or around June 2016, Arellano was hired by Defendants to work at Green Apple, a delicatessen located in Manhattan

and owned by Defendants. Dkt. No. 1 ¶ 27. Arellano stopped working for Defendants in June 2017, but resumed employment in March 2019. Arellano's employment was terminated in May 2019. *Id*. During the period of his employment Arellano worked five days per week, from 6:00 a.m. to 4:00 p.m., for a total of fifty hours per week.[1] For his work from the time he was hired until he left in June 2017, Arellano was compensated $800 on a weekly basis. *Id*. ¶ 30. Beginning from his rehire in March 2019 until the date of his termination, Arellano was paid an hourly wage of $15 per hour. *Id*. ¶ 33. Plaintiff further alleges that, during this period, one hour's pay was automatically deducted each workday for his meal break, but that he was required to work through this break "once or twice a week." Dkt. No. 22, Ex. F ¶ 4. Plaintiff was never compensated for spread of hours. Compl. ¶ 34. Arellano alleges that for the last two weeks of his employment, he was not compensated at all for his labor. *Id*. ¶ 36.

Plaintiff further alleges that Defendants failed to maintain proper employment records and did not provide Plaintiff with wage notices at hiring. Dkt. No. 22, Ex. F ¶ 6.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on July 9, 2020. Dkt. No. 1. Green Apple 37, Green Apple Gourmet, and Kim were served on September 28, 2020. Dkt. Nos. 11-13. On November 11, 2020, Plaintiff submitted a proposed certificate of default against Defendants, which the Clerk granted. Dkt. Nos. 17-19. Plaintiff filed its motion for default judgment on January 13, 2021. Dkt. No. 21.

---

[1] The complaint states in certain places that Arellano worked from 6:00 p.m. to 4:00 p.m. Compl. ¶¶ 28-29. The Court understands this to be an error, and construes Plaintiff to have meant that he worked from 6:00 a.m. to 4:00 p.m.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) ("A defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages.").  The second step, entry of a default judgment, "coverts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings.  *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).  Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well pleaded.  *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action."  *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 2020 WL 2766104, at *9 (S.D.N.Y. May 28, 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations.").  Therefore, this Court is "required to determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and plaintiffs "must therefore substantiate [their] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

## DISCUSSION

### I.     Jurisdiction and Venue

Jurisdiction over the FLSA claims is proper under 28 U.S.C. § 1331 and jurisdiction over the NYLL claims is proper pursuant to 28 U.S.C. § 1367. Defendants are subject to the personal jurisdiction of this Court. Defendants Green Apple 37 and Green Apple Gourmet are both incorporated in New York. Dkt. No. 1 ¶¶ 6-7. Defendant Kim is the CEO and owner of Green Apple 37 and Green Apple Gourmet and "exercised control over the employment terms and conditions of Plaintiff." *Id*. ¶ 8. Venue is proper in the Southern District of New York under 29 U.S.C. § 1132(e)(2), because the events giving rise to the claims occurred in this district.

### II.    Liability

The factual allegations of the Complaint establish that Defendants are liable under FLSA and the NYLL. Plaintiff alleges that Defendants did not compensate him at time and a half for overtime as required by FLSA and the NYLL. Plaintiff further alleges that he was not paid for some hours of work. These allegations are sufficient to establish liability under both FLSA and the NYLL.

Arellano further alleges that he never received notice and wage statements as required under the NYLL, and that he was not paid for spread of hours when he worked ten hours per day. Plaintiff's allegations are sufficient to establish liability under the NYLL for failure to provide wage and notice statements. However, Arellano's spread of hours claim is not viable. An employer is required to pay the spread-of-hours premium only when an employee works in excess of ten hours on a given day; not when the employee works exactly ten hours. *See Ventura v. Herreros*, 2019 WL 343244, at *1 ("A plaintiff is awarded 'spread-of-hours wages for the days he worked in excess of ten hours, but not for the days he worked exactly ten hours.'" (quoting *Bedasie v. Mr. Z Towing, Inc.*, 2017 WL 1135727, at *39 n.56 (E.D.N.Y. Mar. 24, 2017))); *Ortega v. JR Primos 2 Restaurant Corp.*, 2017 WL 2634172, at *3 (S.D.N.Y. June 16, 2017) (same).

### III.  Damages

Arellano avers in his affidavit that he worked fifty hours per week for the entire period of his employment with Defendants. He alleges that, during his first period of employment—from June 2016 to June 2017—he was paid a fixed weekly rate of $800 per week. Dkt. No. 22, Ex. F ¶ 3. During his second period of employment—from March 2019 to May 2019—he was paid an hourly rate of $15 per hour. *Id.* ¶ 4.

At a fixed salary of $800 per week, Arellano's effective salary was $20 per hour, and his overtime rate should have been $30 per hour. He alleges that he worked 10 hours per week for which he was not paid overtime for a period of 56 weeks from June 2016 to June 2017. Accordingly, he is entitled to $16,800 in unpaid overtime for this period.

When he was rehired, Plaintiff alleges that he worked from 6:00 a.m. to 4:00 p.m. and was paid $15 per hour for all hours worked, but that he received a meal break. Thus, he worked

5

one overtime hour per day for eleven weeks. Plaintiff is entitled to $412.50 in unpaid overtime for this period.

Plaintiff alleges that "once or twice a week" he was compelled to work through his meal break. Dkt. No. 22, Ex. F ¶ 4. The Court treats this allegation as establishing that Plaintiff worked through his meal break one time per week for eleven weeks. Plaintiff is entitled to $247.50 for unpaid labor during meal breaks.

Finally, Plaintiff alleges that he was not paid at all for his final two weeks of work. At $15 per hour and 50 hours per week, Plaintiff is owed $825 per week, or $1650 for the two weeks he worked.

| Unpaid Overtime from June 2016 to June 2017 | $16,800.00 |
| Unpaid Overtime from March 2019 to May 2019 | $412.50 |
| Unpaid Wages for Work Performed During Meal Breaks | $247.50 |
| Unpaid Wages in May 2019 | $1650.00 |
| **TOTAL** | **$19,110** |

Both the FLSA and the NYLL provide for payment of liquidated damages in the amount equal to the unpaid compensation. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Thus, Plaintiff's award is doubled to $38,220.00.

Plaintiff is also entitled to the statutory penalties for invalid wage and hour notices and for invalid wage statements, in the amount of $5,000 each. Adding this $10,000 to the $38,220.00 makes a total of $48,220.00.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to a default judgment in the amount of $48,220.00. The Clerk of Court is respectfully directed to enter judgment against Defendants and to close the case.

SO ORDERED.

Dated: September 23, 2021
      New York, New York

                                              LEWIS J. LIMAN
                                      United States District Judge